Ola **GILLESPIE**, Plaintiff-Appellant,

v.

The **ESTATE** of William H. **RINGHAUSEN**, Deceased, Ernest B. Thompson, Administrator, w.w.a., d.b.n., Defendants-Respondents.

No. 23764.

Kansas City Court of Appeals.

Missouri.

Feb. 4, 1963.

J. B. Beavers, Cameron, for appellant.

R. E. Moulthrop, Bethany, Frank L. Pulley, Cameron, for respondents.

SPERRY, Commissioner.

Plaintiff sued the estate of William H. Ringhausen, deceased, Ernest B. Thompson administrator, praying the court to ascertain and determine title to certain specifically described U. S. bonds in possession of defendant, and to deliver same to her. Trial to the court resulted in judgment for defendant. Plaintiff appealed.

This suit is founded on Section 473.357 RSMo 1959, V.A.M.S. William H. Ringhausen, hereafter referred to as testator, died possessed of 12 U. S. bonds, all described by number and in detail in the petition, of a total face value of $9060.00. Plaintiff pleaded that she "acquired ownership of said personal property (bonds) by consummated and delivered gift from the said William H. Ringhausen, in his lifetime".

Plaintiff's son testified to the effect that he was present when testator was put in the ambulance to go to the hospital, in his last illness; that plaintiff, Mr. Brooks, and Mr. Cochell, were present; that the latter are undertakers and operated the ambulance; that witness heard testator "tell (plaintiff) for her to be sure and get the suitcase with the bonds in it, that he had gave her". He said that plaintiff told witness to be sure and get them; that he picked up one among several boxes and suitcases sitting on testator's porch; that it was "evidently" not the right one, which he later discovered.

Mr. Brooks stated that when testator was being placed in the ambulance for transportation to the hospital in Albany he heard him tell plaintiff "to be sure to get the black suitcase with the bonds. I believe that's all".

Plaintiff testified to the effect that she was a cousin of testator's deceased wife; that the families had a close relationship; that, after his wife's death, plaintiff had, on occasion, stayed at testator's home to look after him; that she lived there eight months and that he was at plaintiff's home two summers. She offered to testify regarding a conversation between her and testator, and also one she had with testator's executor, G. Roy Sloan, who was also the residuary beneficiary of the will. At the time of the trial he was deceased. To this testimony defendant's objection was sustained on the grounds that such testimony would be in contravention of the Dead Man's Statute, Section 491.010 RSMo 1959, V.A.M.S.

██ This testimony was properly excluded because plaintiff was incompetent to testify as to admissions made by any deceased adverse party which tended to strengthen her case at the expense of such party. Both testator and Sloan were adverse parties within the meaning of the statute; Jones on Evidence, 5th Edition, Volume 3, Par. 777, page 1444; Slagle v. Callaway, 333 Mo. 1055, 64 S.W.2d 923, 927–928, 90 A.L.R. 1366. It does not appear that the testimony offered is such as would be admissible since it referred to the bonds and to plaintiff's rights thereto by gift made to her by testator prior to his death. Birdsong v. Estate of Ladwig (Mo.App.), 314 S.W.2d 471, 475–476.

Plaintiff also offered the testimony of Teresa Waltrip who stated that she heard testator say to plaintiff "If anything happens to me, just take the suitcase and it is yours"; and that he said that plaintiff was to have the suitcase "if anything happens to me".

Defendant offered the inventory of the estate in evidence. It disclosed that the above mentioned bonds, exactly as described in plaintiff's petition, were listed therein.

The evidence showed that G. Roy Sloan was a principal legatee under the will of testator; that he was executor; that he died some two months after the demise of testator. The evidence also disclosed that Mr. Ernest B. Thompson, the administrator, w. w. a., d. b. n., is husband of Mr. Sloan's daughter, Maurine, and that Mrs. Etta Sloan is Mr. Sloan's widow. Both of those ladies are beneficiaries of the estate here involved.

Mr. Thompson, present administrator, stated that plaintiff had never made any claim to him that she owned any bonds prior to the filing of this suit. He stated that, at testator's home, there were a great number of boxes, suitcases, bundles and sample cases which were taken to Mr. Sloan's for examination, and that the inventory was made there; that everything was a "clutter"; that there was no system or order; that some of the bonds inventoried were found in suitcases or scattered everywhere; that canceled checks showed that testator had paid plaintiff for services from time to time until his death. He stated that plaintiff gave to Sloan a suitcase, prior to testator's death; that, afterwards, she wrote Sloan demanding delivery to her of bonds said to have been in the suitcase when she gave it to him; that she claimed that there were two bonds given her; that this claim was made about a week after testator's death.

Mrs. Sloan stated that after testator died, and about three weeks before Mr. Sloan died, plaintiff brought to Mr. Sloan a suitcase in which plaintiff said there were two bonds; that they were found in the bottom of the case by Mr. Sloan while plaintiff watched. She stated that other bonds were found in various places around testator's house; that some time later plaintiff wrote Mr. Sloan a letter stating that testator had given her the two bonds in the suitcase and she wanted them.

Maurine Thompson, a daughter of Mrs. Sloan, stated that she helped to inventory and discover the assets of the estate; that bonds were found in various bundles, boxes, and places; that the bonds listed in the petition are the bonds listed in the inventory; that she listed and described them in detail; that most were found in the house among testator's personal effects, a few in a place, in envelopes, satchels, etc.; and she identified two of those listed in plaintiff's petition as those given to witness' little girl by testator, in an envelope that he handed her.

One claiming a gift inter vivos must prove the gift by convincing evidence and must establish a delivery with the intent of the owner that *title* and *control* pass immediately. In re Kies Estate, Mo., 320 S.W.2d 478, 480. Such a gift, when sought to be proven after the death of donor, must be proven by forceful, clear and convincing testimony which convinces the court *beyond a reasonable* doubt of its truthfulness, Manley v. Ryan, 235 Mo. App. 45, 126 S.W.2d 909.

We should not disturb the judgment here unless we think it is clearly erroneous. In the state of the evidence, and in view of the stated law, we cannot so hold.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.